# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re**

HARRY KATSEANES and
YONULA KATSEANES fdba
DIAMOND K. ENTERPRISES
dba ALL AMERICAN
LANDSCAPING dba ALL
AMERICAN BLIND CLEANERS,

**Debtors.**

**Case No. 07-40168-JDP
Chapter 7**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

       David N. Parmenter, Blackfoot, Idaho, Attorney for Debtors.

       Monte Gray, SERVICE, SPINNER & GRAY, Pocatello, Idaho,
Attorney for R. Sam Hopkins, Chapter 7 Trustee.

### *Introduction*

       Before the Court for consideration is Trustee's Fourth Continued

Objection to [Debtors'] Claim of Exemption.  Docket No. 35.  The Court

conducted a hearing regarding the objection on August 28, 2007, and, after

allowing the parties an opportunity to supplement their briefs, took the issues

MEMORANDUM OF DECISION - 1

under advisement.  Having considered the submissions and arguments of the

parties, as well as the applicable law, the Court issues this Memorandum which

constitutes the Court's findings of fact, conclusions of law, and disposition of the

issues.  Fed. R. Bankr. P. 7052; 9014.[1]

### *Procedural History*

On March 19, 2007, Debtors Harry and Yonula Katseanes filed a

voluntary chapter 7 bankruptcy petition.  In their Schedule C, and several

amended versions of the schedule filed later, they have claimed an exemption as to

their "primary residence under construction."  Initially, they claimed the house

exempt in the amount of $100,000 as a homestead pursuant to Idaho Code § 55-

1003.  Docket No. 1.  Debtors then amended this claim to assert an exemption in

the amount of $40,000, pursuant to the Utah homestead exemption law, Utah

Code § 78-23-3(2)(a)(ii), (2)(b)(ii).  Docket No. 18.  They again amended

Schedule C this time to invoke the "federal exemption" as to the residence under

§ 522(d) of the Bankruptcy Code in the amount of $18,450.  Docket No. 22.  In

---

[1]  Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, as amended by the Bankruptcy Abuse
Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 108-9, 119 Stat.
23 (Apr. 20, 2005), and all rule references are to the Federal Rules of Bankruptcy
Procedure, Rules 1001– 9036.

MEMORANDUM OF DECISION - 2

their latest amended Schedule, Debtors again contend that the Idaho statute applies to their partially completed house. Docket No. 33.

The trustee, R. Sam Hopkins ("Trustee"), dutifully filed an objection to each of the various exemptions claimed by Debtors. It is Trustee's objection to their latest exemption which was the subject of the hearing and is addressed in this decision.

### Analysis and Disposition

Individual debtors may exempt certain property from administration by the trustee in a bankruptcy case. Under § 522(b)(2), a state may "opt out" of the exemption scheme provided in § 522(d), and if it does, debtors filing for bankruptcy relief in that state may claim only that property which would be exempt under the laws "applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition . . . ." § 522(b)(3)(A).

As the objecting party, Trustee bears the burden of proving that Debtor's claim of exemption is not proper. Rule 4003(c); *Carter v. Anderson (In re Carter),* 182 F.3d 1027, 1029 n. 3 (9th Cir. 1999); *In re Kline*, 350 B.R. 497, 502 (Bankr. D. Idaho 2005). The validity of a claimed exemption is determined as of the date of filing of the bankruptcy petition. § 522(b)(3)(A); *Culver, L.L.C. v.*

MEMORANDUM OF DECISION - 3

*Chiu (In re Chiu),* 226 B.R. 743, 751 (9th Cir. BAP 2001); *In re Yackley*, 03.1

I.B.C.R. 84 (Bankr. D. Idaho 2003).  Homestead exemption statutes are to be

liberally construed in favor of the debtor.  *In re Kline*, 350 B.R. at 502 (citing *In re*

*Steinmetz*, 261 B.R. 32, 33 (Bankr. D. Idaho 2001); *In re Koopal*, 226 B.R. 888,

890 (Bankr. D. Idaho 1998)); *P.I.E. Emp. Fed. Credit Union v. Bass*, 759 P.2d

1144, 1151 (Utah 1988).

### A.  Applicable Exemption Law

In a fairly complicated choice of law provision, Congress has

dictated that it is where Debtors were domiciled at different times in relation to

their bankruptcy filing that is critical to determining which exemption law Debtors

may invoke.  Under § 522(b),

> (3) Property listed in this paragraph [*i.e.,* the property
> Debtors may exempt] is
>
> (A) subject to subsections (o) and (p),
> any property that is exempt under
> Federal law, other than subsection (d) of
> this section, or State or local law that is
> applicable on the date of the filing of the
> petition at the place in which the debtor's
> domicile has been located for the 730
> days immediately preceding the date of
> the filing of the petition, or if the
> debtor's domicile has not been located at
> a single State for such 730-day period,
> the place in which the debtor's domicile
> was located for 180 days immediately

MEMORANDUM OF DECISION - 4

preceding the 730-day period or for a
longer portion of such 180-day period
than in any other place[.]

§ 522(b)(3)(A).

In response to Question No. 15 in their Statement of Financial

Affairs ("SOFA"), Debtors listed the following as their addresses:

| | |
|---|---|
| Address: | 2550 Birdie Thompson, Pocatello, ID 83201 |
| Dates of Occupancy: | December 23, 2006 – present |
| | |
| Address: | 1348 N. 1250 S., St. George, UT 84790 |
| Dates of Occupancy: | November 30, 2004 – December 8, 2006 |

Docket No. 1. Debtors filed their bankruptcy petition on March 19, 2007.

Therefore, under § 522(b)(3)(A), to determine the law applicable to Debtors'

exemption claim requires the Court to focus upon Debtors' domicile from March

19, 2005 through the next 730 days. Since it is clear from the information in the

SOFA that Debtors were domiciled in two different states during that time, Utah

and Idaho, the Code then directs the Court to next consider the location of

Debtors' domicile for the "180 days immediately preceding the 730-day period *or*

*for a longer portion of such 180-day period than in any other place.*"

§ 522(b)(3)(A) (emphasis supplied). The SOFA does not reflect where Debtors

MEMORANDUM OF DECISION - 5

lived from September 20, 2004 (the date that is 180 days preceding March 15, 2005) through November 29, 2004.  However, it clearly shows that from November 30, 2004 through March 19, 2005, Debtors lived in St. George, Utah. Relying upon Debtors' own sworn statements, the Court finds that Debtors lived in Utah for the longer portion (*i.e.,* 109 days) of the 180 days preceding March 19, 2005.  Thus, Utah law will control Debtors' exemption rights.

Debtors' most recent amended Schedule C claims their real property exempt under Idaho law.  Because Utah exemption law is applicable in their case, Debtors' claim of exemption based on the Idaho homestead statute must be disallowed.

### B.  Utah Exemption Law

The Court could end its discussion at this point, since the issue raised by the parties (*i.e.,* Trustee's objection to Debtors' Idaho homestead claim) is resolved.  But based upon the procedural history of this case, the Court assumes Debtors may again seek to amend their schedules to assert an exemption under Utah law.  In the interests of justice and judicial economy, the Court notes it would likely be a useless gesture for Debtors to do so.

Utah's homestead law provides, in pertinent part:  "*An individual* is entitled to a homestead exemption *consisting of property in this state* in an amount

MEMORANDUM OF DECISION - 6

not exceeding . . . $20,000 in value if the property claimed is the primary personal residence of the individual." Utah Code § 78-23-3(2)(a), (2)(a)(ii) (emphasis supplied). This statute reveals two relevant requirements of the Utah homestead exemption scheme. First, the right to claim a homestead exemption is not limited solely to residents of Utah, but rather is available to any "individual."[2] Second, and of significance in this case, a homestead exemption may only be asserted as to real property located within the State of Utah. This requirement is problematic for Debtors because the house they claim as exempt is undeniably located in Idaho. In other words, Debtors do not qualify for a Utah homestead exemption, either.

### C. Applicability of Federal Exemptions

While in their latest Schedule C they rely upon Idaho law, and assuming under the Utah statute Debtors would not be entitled to exempt the Idaho realty, they argue that the federal exemptions should apply to them, essentially as a default, because Congress intended for all debtors to have access to some version of a homestead exemption. To support their position, Debtors point to the language in a "hanging paragraph" immediately following the other provisions of § 522(b)(3), which provides: "If the effect of the domiciliary requirement under

---

[2] This approach is consistent with the Utah personal property exemptions, which are also available to "individuals" rather than merely Utah residents. *See* Utah Code § 78-23-5. However, in contrast to the homestead law, there is no requirement that exempt personal property be located within the State of Utah.

MEMORANDUM OF DECISION - 7

subparagraph (A) is to render the debtor ineligible for any exemption, the debtor

may elect to exempt property that is specified under subsection (d)."[3]

The Court disagrees with Debtors' argument under these facts.

When this provision is plainly read, the federal exemptions are available only to

those debtors who are "ineligible for *any* exemption" due to the domiciliary

requirements of § 522(b)(3)(A). *Id.* (emphasis supplied). Debtors do not qualify

for such treatment. It is true that, while they reside in Idaho, Utah exemption law

controls in Debtors' case. It is also correct that, were it to be properly claimed,

Debtors would not be eligible for a Utah homestead exemption due to the

requirement that a homestead be selected only from real property located within

that State. However, the Utah exemption statutes are applicable in Debtors' case,[4]

---

[3] The case law is in accord with this statute. In situations where the debtor was
denied access to any state statutory schemes, the federal exemptions were determined to
apply. For example, in *In re Underwood*, 342 B.R. 358 (Bankr. N.D. Fla. 2006), the
debtor was not entitled to claim Colorado exemptions because she was not a Colorado
resident, and Colorado law provided that its exemptions were available only to residents
of that state. The debtor also did not meet the domiciliary requirement under § 522 to
allow her to claim Florida exemptions. Because state law rendered debtor ineligible to
claim any exemptions, she was allowed to claim the federal exemptions. *Accord, In re
Adams,* ___ B.R. ___, 2007 WL 2683708 (Bankr. W.D. Mo. 2007); *In re West,* 352 B.R.
905 (Bankr. M.D. Fla. 2006); *In re Jewell,* 347 B.R. 120 (Bankr. W.D. N.Y. 2006); *In re
Crandall*, 346 B.R. 220 (Bankr. M.D. Fla. 2006).

[4] Debtors also claimed their personal property exempt under Idaho law.
However, neither Trustee nor any other interested party timely objected to that claim.
Under the Code, "[u]nless a party in interest objects, the property claimed as exempt on
such list is exempt." § 522(l); Rule 4003(b) (providing that an objection to a debtor's
exemption claims must be made within 30 days after the meeting of creditors, or 30 days

MEMORANDUM OF DECISION - 8

even if they do not benefit from all of the various exemptions provided under that State's laws.[5]  Therefore, Debtors are not "ineligible for any exemption," and thus the default rule provided in § 522(b)'s hanging paragraph would not apply.

While they did not, Debtors might also have argued that both the provisions of the Code, and the official form used to claim exemptions, allow them to chose which statutory exemption scheme they wish to invoke.  In a sense, this is correct.  Section 522 provides that "an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection."  § 522(b)(1).  And the Official Form for Schedule C[6] provides the following choice:

> Debtor elects the exemptions to which debtor is entitled under:

---

after any amendment to the exemption schedule is filed, whichever is later).  Since more than 30 days have passed since Debtors filed their latest exemption claim, and no objection has been filed as to the claimed personal property exemptions, that property is deemed exempted even though they have no colorable basis for claiming Idaho exemptions.  *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992); *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 583-84 (9th Cir. BAP 1996).  Trustee's decision to not object may have been deliberate, or at least the failure to object insignificant, however, since Debtors were entitled to claim Utah personal property exemptions.

[5]  In this respect, Debtors' situation is analogous to a debtor who rents, rather than owns, his residence.  Like Debtors, the renter would be entitled to claim Utah's  personal property exemptions, but would not be entitled to claim a homestead exemption simply by virtue of the fact that he or she does not own real property.

[6]  A similar choice is available to debtors completing Official Form 6C, "Amended Schedule C – Property Claimed as Exempt."

MEMORANDUM OF DECISION - 9

(Check one box)
❑ 11 U.S.C. § 522(b)(2)
❑ 11 U.S.C. § 522(b)(3)

This "choice" is of no moment. As noted above, § 522(b)(3)

exemptions are those provided by the state law applicable according to the

domiciliary requirements, while subsection (b)(2) provides that exempt property

"is property that is specified under subsection (d) [*i.e.,* the list of exempt property

under § 522(d)], unless the State law that is applicable to the debtor under

paragraph (3)(A) specifically does not so authorize." Unfortunately for Debtors

here, Utah law "specifically does not so authorize":

> No individual may exempt from the property of the
> estate in any bankruptcy proceeding the property
> specified in Subsection (d) of Section 522 of the
> Bankruptcy Reform Act . . . except as may otherwise
> be expressly permitted under this chapter.

Utah Code § 78-23-15. Simply put, though the Official Form purports to give

Debtors the choice of using state law exemptions or the Federal exemptions under

§ 522(d), because Utah law controls Debtors' exemption rights, and the Code

allows states to opt-out of the federal exemption scheme and Utah has done so, if

Debtors were to claim exemptions under subsection (b)(2), the net result would be

that they would receive no exemptions. While a debtor may be allowed to check a

box to indicate their choice of exemption schemes in the official form, as a

MEMORANDUM OF DECISION - 10

practical matter, the debtor has no alternatives in opt-out states.[7]  *See*, *In re*

*Virissimo*, 332 B.R. 201, 205 (Bankr. D. Nev. 2005) ("if [debtor] 'elects'

paragraph (b)(2) in Nevada, or any other opt-out state, and if a party timely

objects, then he is denied the exemption.").

       Debtors argue that Congress could not have intended that they be

deprived of a homestead exemption.  However, clearly Congress may limit, and

under § 522(b)(2)(A) has limited, a debtor's right to claim exemptions to that

available under state law.  In turn, the States, like Utah in this case, may

appropriately limit the availability of a homestead exemption.  As the Ninth

Circuit Bankruptcy Appellate Panel observed,

> the Supreme Court is clear that states have the
> authority to provide limited exemptions or not to
> provide exemptions at all. [*Owen v. Owen*, 500 U.S.
> 305, 308 (1991)].  States have the authority "'to create
> whatever exemptions they elect,' even if they are less
> inclusive (or more restrictive) than the exemptions
> afforded debtors by the federal exemption scheme."
> *Storer v. French (In re Storer)*, 58 F.3d 1125, 1128
> (6th Cir. 1995) (quoting *Rhodes v. Stewart*, 705 F.2d
> 159, 163 (6th Cir. 1983)).

*Ford v. Konnoff (In re Konnoff)*, 356 B.R. 201, 206 (9th Cir. BAP 2006).

---

[7] Of course, Idaho law also precludes the use of federal exemptions.  Idaho Code
§ 11-609.

MEMORANDUM OF DECISION - 11

That the Utah homestead exemption law applicable here does not permit Debtors

to claim their Idaho realty exempt as a homestead does not run afoul of a debtor's

right to a fresh start in bankruptcy.  Here, the Utah scheme does not conflict with

federal law, and therefore must be applied to Debtors, which results in their

receiving no homestead exemption.  *See In re Williams*, 369 B.R. 470 (Bankr.

W.D. Ark. 2007).

### *Conclusion*

Debtors' claim that their residence is exempt as a homestead under

Idaho law must be disallowed because Utah law controls.  Moreover, it does not

appear that Debtors are entitled to a Utah homestead exemption because their

home is not located in Utah as required by the applicable statute.  Finally, Debtors

are not entitled to claim the Federal exemptions.

Trustee's objection to the claim of exemption will be sustained by separate

order.

Dated: October 9, 2007

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 12